# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRIS BANDY,

       Petitioner,

v.                                       No. 20-cv-1000 MV-JHR

U.S. MARSHALS SERVICE,

       Respondent.

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Chris Bandy's *pro se* Letter-Complaint, filed September 30, 2020 (Doc. 1). Bandy appears to challenge his federal pretrial detention under 28 U.S.C. § 2241 and his conditions of confinement under 42 U.S.C. § 1983. After reviewing the Letter-Complaint *sua sponte*, the Court concludes that no relief is available. Bandy must challenge his pretrial detention in the criminal case, but the Court will allow him to file an amended medical-indifference claim.

**A. Background**

In 2017, Bandy was indicted for stalking a woman in violation of 18 U.S.C. § 2261A(2)(B). (CR Doc. 1).[1] He was initially released pending trial. (CR Doc. 7). The Petition reflects that on June 9, 2020, Bandy was remanded to custody with the U.S. Marshal. (CV Doc. 1 at 2). On July 10, 2020 the Court (Hon. Kevin Sweazea) held a Show Cause and Detention Hearing on a Violation of Pretrial Release. (CR Docs. 63, 64). The hearing was initially set via Zoom teleconference, based on the COVID-19 pandemic. The hearing minutes state:

> Defendant [Bandy] advises Court that he does not consent to a hearing by video. Court advises Defendant of delays and Defendant states that he has been waiting for a long while and is not concerned with any delays. Court remands Defendant to [U.S. Marshal] custody

---

[1] All "CR Doc." references are to the related criminal case, 17-cr-03402 MV.

pending future hearings in Albuquerque.

(CR Doc. 63 at 1).   After the hearing, Bandy filed a motion to represent himself in the criminal proceeding. (CR Doc. 73).   The motion is set for hearing on October 16, 2020.

In the instant Letter-Complaint, Bandy alleges that he has been in federal custody for over 100 days without receiving a detention hearing.   (CV Doc. 1 at 2).   During that time, he has lived in six facilities and spent over 60 days in quarantine.   *Id.*   The Court liberally construes these allegations as a habeas claim under 28 U.S.C. § 2241, as they "challenge pretrial detention." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).

The Letter-Complaint further alleges that Bandy was denied access to a law library and legal materials.   (CV Doc. 1 at 2).   This denial is impeding his ability to prosecute motions in the criminal case, including his motion to proceed without counsel.   *Id.*   The Letter-Complaint also suggests that jail officials are ignoring Bandy's medical needs.   He placed a sick-call request over 70 days ago at the West Texas Detention Facility ("WTDF") after experiencing blurry vision in his right eye.   *Id.*   Bandy's medical records were not transferred to his next two jails.   Consequently, he had to start the medical process from scratch after each move.   Bandy contends that his blurry vision is being ignored and hinders his ability to defend himself.   The Court will construe Bandy's arguments regarding the law library and medical care as challenges to his conditions of confinement under 42 U.S.C. § 1983.   *See Medina v. Williams,* 2020 WL 4782302, at *1 (10th Cir. Aug. 18, 2020) (challenges to conditions of confinement, such as law-library claim, must be analyzed under § 1983).

Because Bandy filed the Letter-Complaint while in jail, it is subject to initial review under 28 U.S.C. § 1915A.   That section allows the Court to dismiss prisoner actions against government

officials that fail to state a cognizable claim.   The Court will separately address the 28 U.S.C. §
2241 claims and the 42 U.S.C. § 1983 claims below.

**B.   Issues Related to Pretrial Detention Must be Raised in the Criminal Case.**

Relief is only available under § 2241 where the petitioner "is in custody in violation of the
Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   Although § 2241
does not contain an express exhaustion requirement, the Tenth Circuit has held that a federal pretrial
detainee must exhaust all available remedies before obtaining habeas review.   *See Montez v.
McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (petitioner must exhaust all remedies before seeking
relief under § 2241)*; Jones v. Perkins*, 245 U.S. 390, 391-392 (1918) ("It is well settled that in the
absence of exceptional circumstances in criminal cases the regular judicial procedure should be
followed and habeas corpus should not be granted in advance of a trial.").   "[A]llowing federal
prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the
trial court would result in needless duplication of judicial work."   *Hall v. Pratt*, 97 F. App'x 246
(10th Cir. 2004).   *See also Ray v. Denham*, 626 F. App'x 218, 219 (10th Cir. 2015) (citing a
collection of cases that "applied the exhaustion rule to … federal detainees").

More recently, the Tenth Circuit "adopt[ed] the general rule that § 2241 is not a proper
avenue of relief for federal prisoners awaiting federal trial."   *Medina v. Choate*, 875 F.3d 1025,
1029 (10th Cir. 2017).   The rule was announced in the context of an alleged speedy trial violation,
and it is not entirely clear whether it applies to all pretrial detainees seeking habeas relief.   In any
event, the Tenth Circuit emphasized that "the writ of habeas corpus should not do service for an
appeal" or otherwise replace the ordinary criminal procedures.   *Id.* (citing *United States v.
Addonizio*, 442 U.S. 178, 184 n.10 (1979)).

3

Here, the criminal docket plainly reflects that Bandy has not challenged his pretrial detention in the criminal case.  *See* Docket Sheet in Case No. 17-cr-03402 MV.  The only filings by Bandy after his remand to custody in mid-2020 are counseled motions to continue, exclude evidence, or proceed *pro se*.  Bandy's challenge to his pretrial detention must therefore be dismissed for failure to exhaust remedies in the criminal case.

**C.  Bandy Fails to State a Law-Library Claim under § 1983.**

Liberally Construed, the Letter-Complaint also raises claims under 42 U.S.C. § 1983, the "remedial vehicle for [addressing the] violation of constitutional rights."  *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Letter-Complaint does not satisfy this standard.  It only names the U.S. Marshal Service, which is not involved in the jail's provision of legal materials.  And, even if Bandy named a person subject to liability, his allegations do not satisfy the applicable constitutional standards.  The law-library claim implicates the right to access courts under the First Amendment and the Due Process Clause.  *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (analyzing the claim under the First Amendment and Due Process Clause); *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985) (acknowledging a due process right exists for pretrial detainees, but looking to

4

First Amendment principles).   A detainee must receive "a reasonably adequate opportunity to present claim[s] … to the courts."  *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).   The right to present claims focuses on the "conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  *Lewis*, 518 U.S. at 356.   *See also Bounds v. Smith,* 430 U.S. 817, 828 (1977) ("Our main concern here is protecting the ability of an inmate to prepare a petition or complaint") (quotations omitted).   The constitution does not require jails "to supply legal assistance beyond the preparation of initial pleadings," *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995), nor does it guarantee that inmates can "*litigate effectively* once in court."  *Lewis*, 518 U.S. at 354 (emphasis in original).   Said differently, there is no per se "right to a law library or to legal assistance" from prison officials, provided that the inmate has some method of accessing the courts.  *Id.* at 354.

Beyond demonstrating a lack of access, a § 1983 plaintiff must also "show [that the issues] … prejudiced him in pursuing litigation."  *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). "Conclusory allegations of injury in this respect will not suffice."  *Wardell v. Duncan*, 470 F.3d 954 (10th Cir. 2006).  *See also Lewis,* 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing his prison's law library or legal assistance program is subpar in some theoretical sense.").   To succeed on an access-to-court claim, the plaintiff must describe the legal materials he is seeking, clarify how the prison's resources are inadequate for his queries, and explain how his legal claim is nonfrivolous.  *See McBride v. Deer*, 240 F.3d 1287 (10th Cir. 2001).

The Letter-Complaint does not allege that Bandy was "shut out of court" based on the lack

of legal materials.   *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).   Rather, he alleges that he is unable to properly prepare for trial, present defenses, and participate in his hearing to proceed without counsel in his criminal case.   (CV Doc. 1 at 2).   These allegations all go to his ability to litigate effectively in the criminal case, rather than his inability to access the District Court.   *Lewis*, 518 U.S. at 354.

Moreover, the right to access courts is evaluated in conjunction with the Sixth Amendment right to counsel.   The Tenth Circuit has held that the "provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library."   *United States v. Cooper*, 375 F.3d 1041, 1051–52 (10th Cir. 2004).   "When a prisoner voluntarily … waives his right to counsel in a criminal proceeding, he is not entitled to access to a law library or other legal materials."   *Id.   See also Lewis v. Clark,* 577 F. App'x 786, 797 (10th Cir. 2014) (jail was not required to provide pretrial detainee with federal legal materials where he had appointed counsel); *United States v. Stanley*, 385 F. App'x 805, 807-08 (10th Cir. 2010) ("a trial court is under no obligation to provide law library access to a prisoner who voluntarily … waives his right to counsel in a criminal proceeding.") (quotations omitted).   As the Tenth Circuit explained: "there is nothing constitutionally offensive about requiring a defendant to choose between appointed counsel and proceeding *pro se* without access to legal materials."   *United States v. Taylor*, 183 F.3d 1199, 1205 (10th Cir. 1999).

Based on this authority, Bandy cannot state a claim based on the denial of legal materials. The Court will dismiss the law-library claim with prejudice.   The best way for Bandy to defend his criminal case is by working with counsel, who has access to the most expansive, up-to-date legal databases available.   The Court reiterates that if Bandy persists in declining counsel, binding

precedent dictates that the jail is not required to provide legal materials.

**D.   Bandy Fails to State a Medical Indifference Claim Under § 1983.**

Bandy also alleges that jail officials failed to treat his blurry vision.   Construed liberally, this allegation raises a claim for deliberate indifference to medical needs under 42 U.S.C. § 1983. In *Estelle v. Gamble*, the Supreme Court held that "[a] prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment."   *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.")).   Such deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."   *Estelle*, 429 U.S. at 104-05.

Under the *Estelle* deliberate indifference standard, the test for constitutional liability of prison officials "involves both an objective and a subjective component."   *Mata*, 427 F.3d at 751 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).   First, Plaintiff must show "objective evidence that the deprivation at issue was in fact 'sufficiently serious.'"   *Id.*   "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."   *Sealock*, 218 F.3d at 1209 (citation omitted).

If a plaintiff's claim is based on a delay in medical care, the plaintiff also must show that "the delay resulted in substantial harm."   *Mata*, 427 F.3d at 751 (citation omitted).   "The

substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id.* (citation omitted).   In *Mata*, the Tenth Circuit clarified that there are two distinct types of "substantial harm" that the Court may consider.   427 F.3d at 753.   First, the Court may consider "some intermediate harm," such as the plaintiff's experience of prolonged or severe pain or suffering during the period when medical attention was withheld or delayed.   *Id.*   Second, the Court may consider "the last untoward event to befall" the plaintiff, such as the subsequent or long-term deleterious effect on the plaintiff's health caused by the prison's dilatory response to his medical needs.   *Id.*   Regardless of which type of harm the plaintiff seeks to establish, "the focus of the objective prong should be solely on whether the harm is sufficiently serious."   *Id.*

Once a plaintiff has met the objective prong of the deliberate indifference test by demonstrating that his or her "medical need was objectively sufficiently serious and that defendants' delay in meeting that need caused [him] or her substantial harm," the plaintiff next must meet the subjective prong of the deliberate indifference test.   *Id.* at 752.   A plaintiff "may satisfy the subjective component by showing that defendants' delay in providing medical treatment caused either unnecessary pain or a worsening of her condition."   *Id.* at 756.   "Even a brief delay may be unconstitutional."   *Id.*

"The subjective prong of the deliberate indifference test requires the plaintiff to present evidence of the prison official's culpable state of mind."   *Id.* at 751.   Specifically, the subjective component is met if the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Notably, "[d]eliberate indifference does not require a finding of express

intent to harm." *Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996).   Accordingly, a plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842.   In other words, "[t]o show the requisite deliberate indifference," a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer*, 511 U.S. at 847).

Here, the Complaint fails to satisfy either prong on the deliberate-indifference test.   Bandy does not allege he suffered a "lifelong handicap, permanent loss, or considerable pain." *Mata*, 427 F.3d at 751 (citation omitted).   Further, he has not named any individual prison official who was subjectively aware of his blurry vision and failed to provide care.   At most, Bandy alleges that jail officials failed to transfer his medical records between and among the facilities, which allegation, if proven, would be insufficient to establish deliberate indifference to medical needs.   Bandy has therefore not stated a claim under the Eighth Amendment or § 1983.

**E.   Bandy May Amend the Medical Indifference Claim.**

The Tenth Circuit counsels that *pro se* litigants should be given a reasonable opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).   However, courts need not invite an amendment when any amended complaint would also be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).   The Court finds that it would be futile to allow Bandy to amend his habeas or law-library claims. Bandy must raise any pretrial detention issues in the criminal case, and the only way to access legal

research is through appointed counsel.   The Court, however, will allow Bandy to amend his § 1983 medical indifference claim within sixty (60) days of entry of this ruling.   Bandy should use the above legal standard for guidance and remember that a "successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her."   *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).   To prosecute his medical indifference claims, Bandy must also either: (a) prepay the $400 civil filing fee, or alternatively, (b) file an *in forma pauperis* application along an inmate account statement reflecting his financial transactions since entering the current jail.   If Bandy declines to timely amend his medical indifference claim and address the filing fee, the Court will dismiss the case without further notice.

**IT IS ORDERED** that to the extent Chris Bandy's Letter-Complaint (Doc. 1) challenges his pretrial detention under 28 U.S.C. § 2241, such claim is **DISMISSED without prejudice** for failure to exhaust available remedies in the criminal case.

**IT IS FURTHER ORDERED** that to the extent the Letter-Complaint raises a 42 U.S.C. § 1983 claim based on the lack of legal resources at the jail, such claim is **DISMISSED with prejudice** for failure to state a cognizable claim.   Bandy is not entitled to legal materials as a matter of law because he has access to court-appointed counsel.

**IT IS FURTHER ORDERED** that if Bandy wishes to pursue a medical indifference claim under 42 U.S.C. § 1983, he must file an amended complaint and address the filing fee, as set forth above, within sixty (60) days of entry of this Order.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **SEND** Bandy a form *in forma pauperis* application and a form § 1983 Civil Rights Complaint.

10

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE