IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS BANDY,

    Plaintiff,

v.   No. 20-cv-1000 MV-JHR

U.S. MARSHALS SERVICE,

    Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Chris Bandy's Amended Prisoner Civil Rights Complaint (Doc. 4). Plaintiff is a federal pretrial detainee proceeding *pro se*. After screening the original complaint under 28 U.S.C. § 1915A, the Court directed Plaintiff to name the individuals who failed to provide vision care and to address the filing fee. Because Plaintiff failed to comply with either directive, the Court will dismiss this case without prejudice.

**A. Background**

In 2017, Plaintiff was indicted for stalking a woman in violation of 18 U.S.C. § 2261A(2)(B). CR Doc. 1.[1] He was initially released pending trial. CR Doc. 7. On or about June 9, 2020, Plaintiff was remanded to custody with the U.S. Marshal. CV Doc. 1 at 2. He filed the instant civil case on September 30, 2020. The Original Complaint primarily focused on Plaintiff's pretrial detention, alleging he that was improperly held without a detention hearing. *Id*. The Court liberally construed these allegations as a habeas claim under 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (claims arise under § 2241 when they "challenge pretrial detention"). The Original Complaint further alleged that the U.S. Marshal

---

[1] All "CR Doc." references are to the related criminal case, 17-cr-03402 MV.

failed to provide access to a law library and that Plaintiff was transferred several times without his medical records, requiring him to restart the process of addressing his blurry vision. CV Doc. 1 at 2. The Court construed these allegations as civil rights claims under 42 U.S.C. § 1983. *See Medina v. Williams,* 2020 WL 4782302, at *1 (10th Cir. Aug. 18, 2020) (challenges to conditions of confinement must be analyzed under § 1983).

The Court screened the Original Complaint and concluded that Plaintiff's habeas claims were premature. CV Doc. 3 ("Screening Ruling"). The habeas claims were dismissed for failure to exhaust available remedies, and Plaintiff was directed to raise any concerns about pretrial detention in the criminal case. The Court also determined the law-library claim failed as a matter of law. The Original Complaint only named the U.S. Marshal, who does not maintain the jail library. And, in any event, the "provision of legal counsel [in the criminal case] is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *U.S. v. Cooper*, 375 F.3d 1041, 1051–52 (10th Cir. 2004); *see also U.S. v. Taylor*, 183 F.3d 1199, 1205 (10th Cir. 1999) ("There is nothing constitutionally offensive about requiring a defendant to choose between appointed counsel and proceeding *pro se* without access to legal materials.").

As to Plaintiff's medical indifference claim, the Court granted leave to amend and provided instructions on how to survive initial review. CV Doc. 3. Plaintiff was counseled that he must identify an individual prison official who was subjectively aware of his blurry vision and who failed to provide care. The Court also ordered Plaintiff to either prepay the $400 civil filing fee or, alternatively, file a properly supported *in forma pauperis* motion. Plaintiff filed an Amended Complaint, which incorporates an *in forma pauperis* request. *Id.* Plaintiff did not submit an inmate account statement, as required by 28 U.S.C. § 1915(a)(2). The Court will address each

matter below.

**B. Discussion**

The crux of the Amended Complaint is that Plaintiff is not receiving proper medical treatment for his blurry vision. CV Doc. 4 at 7. He also alleges that his medical record was not "proper[ly] handl[ed]."[2] *Id.* About two months after filing the Amended Complaint, Plaintiff submitted two appendices containing his medical records. CV Docs. 5, 6. The appendices are not in narrative form and do not appear to name individual Defendants.

As explained in the Screening Ruling, the "deliberate indifference test requires the plaintiff to present evidence of the prison official's culpable state of mind." CV Doc. 3 at 8 (quoting *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. The Amended Complaint fails to name any individual defendant or allege that he or she was aware of a risk of harm. It names the "U.S. Marshal's Service" as the only Defendant. CV Doc. 4 at 1-2. In the section addressing "Nature of Case," Plaintiff simply refers to his Original Complaint. *Id.* at 4.

The Tenth Circuit recently addressed a similar situation in *Jones v. United States Marshals*

---

[2] The Amended Complaint renews Plaintiff's original request for a "proper detention hearing[]" and "law library and legal materials." CV Doc. 2 at 7. The Screening Ruling dismissed those claims as premature and/or for failure to state a claim, and Plaintiff was only granted leave to amend his medical indifference claim. *Id.* For the reasons in the Screening Ruling, the Court declines to revisit the claims pertaining to pretrial detention/law library access and will limit its current review to Plaintiff's amended medical indifference claim.

3

*Serv.*, 832 F. App'x 572 (10th Cir. 2020). The inmate-plaintiff filed a civil rights complaint that initially focused on his detention. The trial court found that "habeas corpus was [the inmate-plaintiff's] exclusive remedy" for unlawful detention and that the complaint should otherwise be "dismissed for failure to allege the Defendants' personal participation … and for failure to state a claim." *Id.* at 572. The inmate-plaintiff "filed an amended complaint alleging deliberate indifference to his serious medical needs and adding … a Marshals Service official as defendant[]." *Id.* at 572-573. The Tenth Circuit affirmed the dismissal of the amended complaint because, inter alia, there were no allegations that the U.S. Marshal was personally involved in any medical indifference at the jail. Plaintiff's Amended Complaint is subject to dismissal under 28 U.S.C. § 1915A for the same reason, as he only names the U.S. Marshal Service.

As an alternative basis for dismissal, Plaintiff also failed to submit a six-month inmate account statement to support his *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(2) and the Screening Ruling. Plaintiff alleges that he has been in seven different facilities and "has no way to obtain certified copies from all institution[s] involved." CV Doc. 4 at 3. However, the Screening Ruling anticipated this issue and provided a solution. It directs Plaintiff to file "an inmate account statement reflecting his financial transactions since entering the current jail." CV Doc. 3 at 10. Plaintiff received the Screening Ruling in October 2020. He has been in the Santa Fe County Adult Detention Facility since at least November 2020. CV Doc. 4 at 9. There is nothing in the record to suggest that he moved, and he made no attempt to supplement the record with an inmate account statement. Accordingly, the Court will also dismiss the Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for "failure to prosecute [and] comply with the … court's orders." *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir.

2003).

Rule 41 dismissals are typically entered without prejudice, unless the litigant acted intentionally or there is prejudice to the defendants. *Cf Rodriguez v. Amtrak,* 820 F. App'x 812, 814 (10th Cir. 2020) (affirming dismissal without prejudice and setting out factors to consider when dismissing with prejudice). Screening dismissals are typically entered with prejudice where the inmate-plaintiff's amended complaint fails to cure deficiencies in the original pleading. *See, e.g., Jones*, 832 F. App'x 572 (10th Cir. 2020). The Court, in its discretion, elects to dismiss the Amended Complaint without prejudice. Defendant has not entered an appearance in this case. Plaintiff's allegations regarding blurry vision are concerning, but he has not done enough in the instant case to prosecute a claim. The Court will also deny Plaintiff's Motion for Summary Judgment (Doc. 8), which is now moot.

**IT IS ORDERED** that Chris Bandy's Amended Prisoner Civil Rights Complaint (**Doc. 4**) is **DISMISSED without prejudice**; his Motion for Summary Judgment (**Doc. 8**) is **DENIED** as moot; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE